ON MOTION FOR REHEARING
Appellee asks us to address an alternative theory upon which the suppression could be sustained, namely that he did not abandon the suitcase and thus that the subsequent non-consent search was illegal. Appellee did raise this issue in his brief, but we did not address it in our opinion. We grant rehearing in part by remanding for a consideration of this abandonment issue, in addition to the Florida v. Bostick, — U.S. -, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), on remand 593 So.2d 494 (Fla.1992) issue.
It does not appear from the transcript or the written order that the trial judge ever ruled on the issue of whether or not the defendant abandoned the suitcase here. The trial court apparently rejected the State’s abandonment argument only because of its ruling on the Bostick issue. At the end of the hearing below, the trial court concluded, “I think that what it would be is perhaps a forced abandonment under the circumstances if it was indeed abandonment....” Since the- trial court did not make a finding regarding abandonment, we cannot rule on the issue.
However, should the trial court on remand find that there was no abandonment, that fact, coupled with the fact that the officers never obtained the appellee’s consent to search the luggage, would justify the suppression, as appellee suggests. While we have located no cases directly on point, the case law suggests that, after an initial abandonment of property, a defendant may “repossess” the property by words or conduct. See United States v. Moskowitz, 883 F.2d 1142 (2d Cir.1989); United States v. Burnette, 698 F.2d 1038 (9th Cir.), cert. denied, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983); United States v. Jones, 707 F.2d 1169 (10th Cir.), cert. denied, 464 U.S. 859,104 S.Ct. 184, 78 L.Ed.2d 163 (1983). Here, the defendant initially denied ownership of the suitcase. The officers then opened the suitcase and found a picture of the defendant inside. When confronted, the defendant then admitted ownership of the suitcase. Without obtaining any consent, the officers then conducted a further search of the case which revealed the drugs sought to be suppressed. Given this evidence, the trial court on remand may find that a repossession occurred. If so, then the officers’ admitted failure to obtain the appellee’s consent would render the search illegal.
ANSTEAD and WARNER, JJ., concur.
HERSEY, J., dissents without opinion.